IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONIA RUIZ | : | CIVIL ACTION |
| v. | : | |
| SCOTLAND YARD | : | NO. 08-3862 |

## MEMORANDUM AND ORDER

AND NOW, this 29th day of April, 2010, having considered original Defendant's Motion for a New Trial (Docket No. 53), Plaintiff's original Response in Opposition (Docket No. 55), Defendant's Supplemental Motion for a New Trial (Docket No. 63) (hereinafter "D. Mot."), and Plaintiff's Response in Opposition (Docket No. 67) (hereinafter "P. Br."), it is hereby **ORDERED** that Defendant's Motion is **DENIED**.

In its motion, Defendant stated that the jury verdict entered against Defendant on November 19, 2009 was both excessive and against the weight of the evidence. D. Mot. ¶¶ 3-4. Defendant then argues that the Court committed reversible error in allowing Plaintiff's counsel to impeach Defendant's witness by questioning him regarding a Pennsylvania Supreme Court decision regarding his removal from a ballot for Traffic Court judge. Id. ¶¶ 5-7, 10-14. Defendant elaborates on the alleged grounds for a new trial in its Memorandum in Support of the Supplemental Motion, arguing: (1) that the Court committed reversible error in allowing Plaintiff to impeach a Defense witness using the case In re: Littlepage, 909 A.2d 1235 (Pa. 2006), an action which Defendant alleges violated Fed. R. Evid. 608 and Fed. R. Evid. 403; (2) that Plaintiff's counsel violated Pennsylvania ethical rules in her representations about In re: Littlepage and her use of it during trial, thus tainting the jury verdict; and (3) that the evidence

1

does not support the jury verdict of liability and the jury imposition of punitive damages. D. Br. 6-16.

In her Response in Opposition and Memorandum of Law in Support thereof, Plaintiff rebuts Defendant's allegations, arguing: (1) that the use of In re: Littlepage to impeach Mr. Littlepage's character for truthfulness was entirely consistent with Fed. R. Evid. 608(b), as he represented on direct examination that he lost an election from which he had actually been removed for violations of the Ethics Act, as memorialized in the case; (2) that Plaintiff's counsel did not misrepresent the state of the law to the Court; and (3) that the record contains more than a preponderance of evidence to support the jury verdict of liability, and that Defendant never objected to the inclusion of a punitive damage charge and thus has no basis to object to the award thereof. See generally P. Br.

"The court may, on motion, grant a new trial . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. Pro. 59(a)(1)(A); see Allied Chemical Corp. v. Dailflon, Inc., 449 U.S. 33, 36 (1980) (per curiam) ("The authority to grant a new trial, moreover, is confided almost entirely to the exercise of discretion on the part of the trial court."). "[I]t is clear that a court may order a new trial if the verdict was against the weight of the evidence, if the size of the verdict was against the weight of the evidence . . ., if counsel engaged in improper conduct that had a prejudicial effect upon the jury, or if the court committed a significant error of law to the prejudice of the moving party." Maylie v. Nat'l Railroad Passenger Corp., 791 F. Supp. 477, 480 (E.D. Pa. 1992).

Defendant first argues that the Court should grant a new trial because the Court committed reversible error in allowing Plaintiff to impeach Mr. Littlepage using a case that

demonstrated, contrary to his testimony on direct examination that he *lost* an election for traffic court judge, he was removed from the ballot by the Pennsylvania Supreme Court because he did not disclose certain rental income on his application for the position. D. Br. 8-10. On direct, Mr. Littlepage confirmed that he lost an election for Philadelphia Traffic Court Judge. Trial Tr., 220:1-9, Nov. 18, 2009. The Court finds that confronting Mr. Littlepage on cross-examination with proof that he made a false statement on direct is an appropriate attack on his character for truthfulness, and that Defendant's argument to the contrary is incorrect such that Defendant is not entitled to the grant of a new trial for this reason. See Fed. R. Evid. 608(b).

Defendant then asserts that Plaintiff's counsel, in using the In re: Littlepage case to impeach Mr. Littlepage's direct testimony, "implied to the jury that Albert Littlepage believed that he was above the law, and more importantly, the Pennsylvania Supreme Court had found him to be unethical." D. Br. 9. Defendant argues that the statements made by Plaintiff's counsel caused the jury to award "punitive and consequential damages" such that under Draper v. Airco, Inc., 580 F.2d 91, 96 (3d Cir. 1978) this Court should grant a new trial. Id. 10. Defendant's reliance on Draper is misplaced, as the four questions asked by Plaintiff's counsel regarding Mr. Littlepage's adherence to law in no way compare to counsel in the Draper case's "repeated inappropriate references to the defendants' wealth," asserting of his "personal opinion regarding the justness of his client's cause," and prejudicial reference to facts not in evidence. Draper, 580 F.2d at 95. Because plaintiff's counsel's line of questioning on cross does not rise to the level of counsel's conduct in Draper, the Court finds that Defendant is not entitled to the grant of a new trial on this basis.

Defendant next argues that it is entitled to a new trial because Plaintiff's counsel

allegedly misdirected the Court regarding the In re: Littlepage decision, relying on Eagan by Keith v. Jackson, 855 F. Supp. 765 (E.D. Pa. 1994) to support its argument regarding Plaintiff counsel's "lack of candor" and Valu Gas, Inc. et al. v. Equilon Enterprises et al., BC 260592, 2003 WL 23985012 (Cal. Super. Ct. 2003) to support its request for a new trial.  Defendant's recitation of Plaintiff counsel's use of In re: Littlepage does not comport with the record, and Defendant's reliance on Eagan and Valu Gas is misplaced.

First, Plaintiff's counsel appropriately noted that while the reporting rules at issue in In re: Littlepage changed, the fact that Mr. Littlepage was removed from the traffic court judge ballot because of violations of the Ethics Act remains true.  Trial Tr., 3:2-21, Nov. 19, 2009.  That the case shows Mr. Littlepage did not lose the election, as he testified during his direct examination, but instead was removed from the ballot renders it appropriate extrinsic evidence of a specific instance of conduct attacking Mr. Littlepage's character for truthfulness, notably that he did not answer truthfully to a question during his direct examination.  Fed. R. Evid. 608(b).

Second, in Eagan the Court was faced with two attorneys, one of whom served as the legal guardian for plaintiff, who did not reveal their referral fee arrangement to the Court before arguing that the fees for the other attorney contained in a settlement agreement (a percentage of which would go to the guardian/referrer) were reasonable.  Eagan by Keith v. Jackson, 855 F. Supp. 765 (E.D. Pa. 1994).  The use of a case that demonstrates a witness lied on the stand about a past event, even though the rule of law in that case no longer stands, in no way compares to a guardian ad litem not revealing a financial interest in a settlement agreement such that "the validity of the judicial process" was in any way harmed.  See id.

Third, Defendant's attempt to rely on Valu Gas, Inc. et al. v. Equilon Enterprises et al.,

BC 260592, 2003 WL 23985012 (Cal. Super. Ct. 2003), as discussed in <u>P.G. Oil Corp. v. Motina Enterprises</u>, LLC, 397 F. Supp. 2d 1359 (S.D. Fla. 2005), is also misplaced, as that case addresses the granting of a new trial when counsel relied on an exhibit not admitted into evidence in closing argument and then provided that exhibit to the jury. <u>Id.</u> Here counsel for Plaintiff referenced a case that, while no longer controlling, contains facts which directly contradict Mr. Littlepage's assertion that he lost an election. Trial Tr., 19:3-18, Nov. 19, 2009. That the rules later changed does not affect the fact that at the time he ran for traffic court judge, Mr. Littlepage was removed from the ballot for Ethics Law violations instead of, as he initially testified, losing the election. See <u>In re: Littlepage</u>, 909 A.2d 1235 (Pa. 2006). Counsel for Plaintiff agreed before the court that the reporting rule had changed, did not obfuscate or hide the fact that the case was no longer described the current reporting requirements, and used it for the limited purpose of impeaching Mr. Littlepage. Trial Tr., 19:3-18, Nov. 19, 2009. That Mr. Littlepage lied on direct certainly is relevant for a jury assessing his character for truthfulness, and as such Plaintiff's counsel used the decision in an appropriate fashion. Fed. R. Evid. 608(b). The Court finds that the cases cited by Defendant do not support an argument that Defendant is entitled to a new trial due to Plaintiff's counsel's allegedly appropriate use of the <u>In re: Littlepage</u> decision.

Finally, Defendant argues that a new trial is merited because the jury's verdict is not supported by the evidence on the record, notably arguing that the evidence does not show that Plaintiff suffered an adverse employment action and that the evidence does not support the award of punitive damages. D. Br. 15-16. A request for a new trial based on an argument that a verdict is not supported by the evidence should only be granted when that verdict is contrary to the great weight of the evidence, or when the verdict as rendered results in a miscarriage of justice.

Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1076 (3d Cir.1996). This "stringent standard" exists in order to preserve the jury's judgment of the facts and the credibility of the witnesses, and to ensure that a judge does not "usurp" the jury's function as the trier of facts. Id. In this case, where the parties presented dramatically different versions of the events that occurred, the determinations by the jury of who to believe control and the Court cannot disturb the jury conclusions. See id.

"A jury may award punitive damages when it finds reckless, callous, intentional, or malicious conduct." Springer v. Henry, 435 F.3d 268, 281 (3d Cir. 2006). In this case, the jury, instructed that they could award punitive damages only if they "find by a preponderance of the evidence that a management official of Scotlandyard Security Services personally acted with malice or reckless indifference to Ms. Ruiz [sic] Federally protected rights," chose to award Plaintiff punitive damages of $50,000. Trial Tr. 175:20-24, 234:5-9, Nov. 19, 2009. At no point during the lengthy and somewhat contentious trial colloquies regarding the contents of the jury charge did Defendant object to the inclusion of a punitive damages charge. See Trial Tr. 3:1-18:13, 110:11-123:21, Nov. 19, 2009. Now, Defendant for the first time argues that it cannot "be held liable for a punitive damage award [because it] engaged in good faith efforts to comply with federal law." D. Br. 16. Because Defendant did not object to the punitive damages charge before, or after, it was read to the jury Defendant "has waived any argument that its good faith efforts to comply with Title VII preclude the imposition of vicarious liability," and consequently Defendant's argument fails. Medcalf v. Trustees of University of Pennsylvania, 71 Fed. Appx. 924, 933 (3d Cir. 2003).

In light of the above, Defendant's Motion for a New Trial is **DENIED**.


BY THE COURT:



**/s/ L. Fest**repo
L. Felipe Restrepo
United States Magistrate Judge